# Exhibit 7

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BENJAMIN S. PEAY ) | |
| Plaintiff, ) | |
| v. ) | Case No. 04-1859 (CKK) |
| UNITED STATES DEPARTMENT ) OF JUSTICE, *et al.* ) | |
| Defendants. ) | |

## DECLARATION OF JAMES O'LEARY

I, James O'Leary, being of legal age and pursuant to the provisions of 28 U.S.C. § 1746, declare and say:

1. I am an attorney in the Office of Assistant Chief Counsel (Disclosure and Privacy Law) of the Internal Revenue Service ("Service") in the National Office in Washington, D.C. I have held this position for over one year and have been employed by the Service in various positions for over two years. As part of my duties, I am responsible for offering general assistance to the Department of Justice in defending the Service in litigation under the Freedom of Information Act ("FOIA"). These duties require knowledge of the types of documents created and maintained by the various divisions and functions of the Service, and an understanding of the provisions of the FOIA which exempt certain types of documents from disclosure in response to a request.

2. I am familiar with the Plaintiff's FOIA request dated May 17, 2004 (Copy attached as Attachment A).

3. In January 2005, the Federal Records Center forwarded to the Service's Greensboro, North Carolina Criminal Investigation office one box of documents labeled "grand jury material." This box contained 278.

4. Thirty-five documents are grand jury documents. The Service will withhold these documents pursuant to 5 U.S.C. § 552(b)(3) in conjunction with Federal Rule of Criminal Procedure 6(e) in order to protect prohibited disclosure of scope and inner workings of the grand jury.

5. On March 17, 2005, this office received two hundred and forty three documents (243) to review under the FOIA with recommendations as to the withholding of certain information contained in the documents.

6. I have personally reviewed and am familiar with the 243 documents. On April 20, 2005, this office determined that one hundred and seventeen documents (117) are releasable in full to the plaintiff. A description of the documents is attached as Attachment B.

7. One hundred and fourteen documents (114) are released in part to the plaintiff, and one document (1) is withheld in full. This information is withheld pursuant to 5 U.S.C. § 552(b)(6) ("Exemption 6"). A description of the documents is attached as Attachment B. Exemption (b)(6) of the FOIA permits the withholding of personnel and medical files and similar files, which if disclosed, would constitute a clearly unwarranted invasion of personal privacy. Each withholding requires the Service to

weigh the privacy interests of the third parties against the public's interest in disclosure.

8. The Service balanced the individuals' privacy against the public's right to disclosure of information and determined that release of this information would constitute a clearly unwarranted invasion of the personal privacy of other third parties in a manner that could subject such individuals to harassment. The redacted information is personal information related to specific individuals, which does not concern the operations or activities of the Government, would not contribute to public understanding of the operations or activities of the Government, and would not provide insight into how Service performs its statutory duties. The strong interest of individuals in protecting personal privacy interests outweighs any minimal public interest in disclosure. The Service asserts Exemption 6 to withhold these documents.

9. Eleven documents (11) are withheld in full pursuant to 26 U.S.C. § 6103 in conjunction with 5 U.S.C. § 552(b)(3). A description of the documents is attached as Attachment B. The Service asserts 26 U.S.C. § 6103 in conjunction with 5 U.S.C. § 552(b)(3) to withhold eleven documents in full. These documents contain third-party tax data that is protected from disclosure pursuant to 26 U.S.C. § 6103. These documents are not reasonably segregable; the nonexempt material is so inextricably intertwined with exempt material that redaction would leave only essentially meaningless words and phrases. A description of the documents is attached as Attachment B.

10. We have provided the documents identified in paragraphs 6, 7, and 9 to the Department of Justice for their release to the plaintiff.

Pursuant to 28 United States Code Section 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 3, 2005, in Washington, DC.

James O'Leary, Attorney
Office of Chief Counsel
Procedure & Administration
1111 Constitution Ave., NW
Washington, DC 20224

# ATTACHMENT A

Benjamin Shabazz Peay
PN 16161-057
Federal Correctional Institution
2680 Highway 301 South
Jesup, GA 31599
May 17, 2004

Internal Revenue Service
Freedom of Information Request
306 W. Meadowview Road, Ste 102
Greensboro, N.C. 27402

Dear Sir or Madam:
   This is a request under the Freedom of Information Act as amended (5 U.S.C. Section 552); PRIVACY ACT (5 U.S.C. Section 552a (d)(1) Request; Exemptions (5 U.S.C. Section 552 (6)(c)(b)(7), General (5 U.S.C. Section 552a (j)(2) or specific (5 U.S.C. Section 552a (k)(2)) not applicable.
   I wish to obtain copies of all documents referring to me or retrievable in a search for files listed under my name. Please advise me if my name is contained in other "See Reference" files as well, so that I can make a decision whether to have any such files searched.
   If all or any part of my request is denied, please list the specific exemptions which are being claimed to withhold information.
   If you determine that some portions of the requested material are exempt, I will expect, as the Act provides, that you will provide me with the remaining non-exempt portions. I, of course reserve the right to appeal any decision to withhold information and expect that you will list the address and office where such an appeal can be sent.
   The records sought are, but not limited to the compiled files compiled by (1) Task Force Investigation (2) Arrest reports (3) Investigation reports; (4) Reports of evidentiary and or scientific informational findings; (5) Final and closing investigation reports;(6) And all information, data, reports not exempted by law.

It is further requested that your agency, in response to the material requested specifically inform me if and to whom the files or material therein contained has been released to any individual or agency; their name and title; purpose and need for such information, et cetra. This request is made under the FREEDOM OF INFORMATION ACT (5 U.S.C. Section 552) and the PRIVACY ACT OF 1974 together with the "alternate means access," to permit me maximum access to the records in and maintained on your files within your agency.

If it should be determined that any material/record be deemed CONFIDENTIAL due to the identification of the source, then permission is granted to delete source identification only from the material for release.

As provided in the Freedom of Information Act, I will expect to receive a reply within ten working days.

Respectfully,

Ben Shabazz Peay

# ATTACHMENT B

| DOC | PAGES | DOCUMENT DESCRIPTION | EXEMPT/ STATUS | JUSTIFICATION |
|---|---|---|---|---|
| 1 | 1 | Arrest Report | RIF | |
| 2 | 1 | Report of Legal Action | RIF | |
| 3 | 1 | Correspondence to Ms. O'Neil | RIF | |
| 4 | 5 | US v. Peay: Grand Jury Charges | RIF | |
| 5 | 5 | US v. Peay: Grand Jury Charges | RIF | |
| 6 | 2 | US v. Peay: Order for Dismissal | RIF | |
| 7 | 4 | Memorandum of Surveillance In re: HLDL Project | b(6) RIP | Memorandum of IRS and FBI agents concerning HLDL project. Document released except for names of FBI agents. Law enforcement personnel redacted and withheld by application of Exemption (b)(6) to protect each individual from an unwarranted invasion of personal privacy. |
| 8 | 23 | Affidavit | b(6) RIP | Affidavit concerning plaintiff's activities. Document released except for names of third party individuals, including special agents and local law enforcement personnel redacted. All third party names and identifying information were redacted and withheld by application of Exemption (b)(6) to protect each individual from an unwarranted invasion of personal privacy. Given the passage of time, practical obscurity under this exemption is also applicable to protect names previously disclosed in these documents. |

| | | | | |
|---|---|---|---|---|
| 9 | 4 | Search Warrant – Mahogany TV Broadcasting | b(6) **RIP** | Document released except for names of third party individuals, including special agents. All third party names and identifying information were redacted and withheld by application of Exemption (b)(6) to protect each individual from an unwarranted invasion of personal privacy. Given the passage of time, practical obscurity under this exemption is also applicable to protect names previously disclosed in these documents. |
| 10 | 2 | Application and Affidavit for Search Warrant – Residence of Benjamin Shabazz Peay | b(6) **RIP** | Document released except for names of third party individuals. All third party names and identifying information were redacted and withheld by application of Exemption (b)(6) to protect each individual from an unwarranted invasion of personal privacy. Given the passage of time, practical obscurity under this exemption is also applicable to protect names previously disclosed in these documents. |
| 11 | 52 | Affidavit of Daniel Guerrini | b(6) **RIP** | Document released except for names of third party individuals, including special agents and local law enforcement personnel redacted. All third party names and identifying information were redacted and withheld by application of Exemption (b)(6) to protect each individual from an unwarranted invasion of personal privacy. Given the passage of time, practical obscurity under this exemption is also applicable to protect names previously disclosed in these documents. |
| 12 | 5 | Search Warrant – Mahogany Enterprise | b(6) **RIP** | Document released except for names of third party individuals, including special agents. All third party names and identifying information were redacted and withheld by application of Exemption (b)(6) to protect each individual from an unwarranted invasion of personal privacy. Given the passage of time, practical obscurity under this exemption is also applicable to protect names previously disclosed in these documents. |

| | | | | |
|---|---|---|---|---|
| 13 | 2 | Application and Affidavit for Search Warrant – Mahogany TV Broadcasting | b(6) RIP | Document released except for names of third party individuals. All third party names and identifying information were redacted and withheld by application of Exemption (b)(6) to protect each individual from an unwarranted invasion of personal privacy. Given the passage of time, practical obscurity under this exemption is also applicable to protect names previously disclosed in these documents. |
| 14 | 2 | Application and Affidavit for Search Warrant – Mahogany Enterprise | b(6) RIP | Document released except for names of third party individuals. All third party names and identifying information were redacted and withheld by application of Exemption (b)(6) to protect each individual from an unwarranted invasion of personal privacy. Given the passage of time, practical obscurity under this exemption is also applicable to protect names previously disclosed in these documents. |
| 15 | 4 | Search Warrant – 1978 Mercedes Benz | b(6) RIP | Document released except for names of third party individuals, including special agents. All third party names and identifying information were redacted and withheld by application of Exemption (b)(6) to protect each individual from an unwarranted invasion of personal privacy. Given the passage of time, practical obscurity under this exemption is also applicable to protect names previously disclosed in these documents. |
| 16 | 2 | Application and Affidavit for Search Warrant – 1978 Mercedes Benz | b(6) RIP | Document released except for names of third party individuals. All third party names and identifying information were redacted and withheld by application of Exemption (b)(6) to protect each individual from an unwarranted invasion of personal privacy. Given the passage of time, practical obscurity under this exemption is also applicable to protect names previously disclosed in these documents. |

| 17 | 2 | Application and Affidavit for Search Warrant – Benjamin Shabazz Peay | b(6) RIP | Document released except for names of third party individuals. All third party names and identifying information were redacted and withheld by application of Exemption (b)(6) to protect each individual from an unwarranted invasion of personal privacy. Given the passage of time, practical obscurity under this exemption is also applicable to protect names previously disclosed in these documents. |
| --- | --- | --- | --- | --- |
| 18 | 4 | Search Warrant – Light Blue Ford Econoline Van | b(6) RIP | Document released except for names of third party individuals, including special agents. All third party names and identifying information were redacted and withheld by application of Exemption (b)(6) to protect each individual from an unwarranted invasion of personal privacy. Given the passage of time, practical obscurity under this exemption is also applicable to protect names previously disclosed in these documents. |
| 19 | 4 | Search Warrant – 1982 Mercedes Benz | b(6) RIP | Document released except for names of third party individuals, including special agents. All third party names and identifying information were redacted and withheld by application of Exemption (b)(6) to protect each individual from an unwarranted invasion of personal privacy. Given the passage of time, practical obscurity under this exemption is also applicable to protect names previously disclosed in these documents. |
| 20 | 2 | Application and Affidavit for Search Warrant – 1982 Mercedes Benz | b(6) RIP | Document released except for names of third party individuals. All third party names and identifying information were redacted and withheld by application of Exemption (b)(6) to protect each individual from an unwarranted invasion of personal privacy. Given the passage of time, practical obscurity under this exemption is also applicable to protect names previously disclosed in these documents. |

| 21 | 4 | Search Warrant – Benjamin Shabazz Peay | b(6) RIP | Document released except for names of third party individuals, including special agents. All third party names and identifying information were redacted and withheld by application of Exemption (b)(6) to protect each individual from an unwarranted invasion of personal privacy. Given the passage of time, practical obscurity under this exemption is also applicable to protect names previously disclosed in these documents. |
| --- | --- | --- | --- | --- |
| 22 | 2 | Application and Affidavit for Search Warrant – Light Blue Ford Econoline Van | b(6) RIP | Document released except for names of third party individuals. All third party names and identifying information were redacted and withheld by application of Exemption (b)(6) to protect each individual from an unwarranted invasion of personal privacy. Given the passage of time, practical obscurity under this exemption is also applicable to protect names previously disclosed in these documents. |
| 23 | 4 | Search Warrant – Residence of Benjamin Shabazz Peay | b(6) RIP | Document released except for names of third party individuals, including special agents. All third party names and identifying information were redacted and withheld by application of Exemption (b)(6) to protect each individual from an unwarranted invasion of personal privacy. Given the passage of time, practical obscurity under this exemption is also applicable to protect names previously disclosed in these documents. |
| 24 | 2 | Application and Affidavit for Search Warrant – Residence of Benjamin Shabazz Peay | b(6) RIP | Document released except for names of third party individuals. All third party names and identifying information were redacted and withheld by application of Exemption (b)(6) to protect each individual from an unwarranted invasion of personal privacy. Given the passage of time, practical obscurity under this exemption is also applicable to protect names previously disclosed in these documents. |

| | | | | |
|---|---|---|---|---|
| 25 | 2 | Application and Affidavit for Search Warrant – Property of Mahogany Enterprise | b(6) RIP | Document released except for names of third party individuals. All third party names and identifying information were redacted and withheld by application of Exemption (b)(6) to protect each individual from an unwarranted invasion of personal privacy. Given the passage of time, practical obscurity under this exemption is also applicable to protect names previously disclosed in these documents. |
| 26 | 4 | Search Warrant – Property of Mahogany Enterprise | b(6) RIP | Document released except for names of third party individuals, including special agents. All third party names and identifying information were redacted and withheld by application of Exemption (b)(6) to protect each individual from an unwarranted invasion of personal privacy. Given the passage of time, practical obscurity under this exemption is also applicable to protect names previously disclosed in these documents. |
| 27 | 4 | Search Warrant – Club Aladdin | b(6) RIP | Document released except for names of third party individuals, including special agents. All third party names and identifying information were redacted and withheld by application of Exemption (b)(6) to protect each individual from an unwarranted invasion of personal privacy. Given the passage of time, practical obscurity under this exemption is also applicable to protect names previously disclosed in these documents. |
| 28 | 2 | Application and Affidavit for Search Warrant – Club Aladdin | b(6) RIP | Document released except for names of third party individuals. All third party names and identifying information were redacted and withheld by application of Exemption (b)(6) to protect each individual from an unwarranted invasion of personal privacy. Given the passage of time, practical obscurity under this exemption is also applicable to protect names previously disclosed in these documents. |

05/04/2005 11:39 FAX    ☐015

| | | | | |
|---|---|---|---|---|
| 29 | 4 | Search Warrant – Aladdin Steak and Take | b(6) RIP | Document released except for names of third party individuals, including special agents. All third party names and identifying information were redacted and withheld by application of Exemption (b)(6) to protect each individual from an unwarranted invasion of personal privacy. Given the passage of time, practical obscurity under this exemption is also applicable to protect names previously disclosed in these documents. |
| 30 | 2 | Application and Affidavit for Search Warrant – Aladdin Steak and Take | b(6) RIP | Document released except for names of third party individuals, including special agents. All third party names and identifying information were redacted and withheld by application of Exemption (b)(6) to protect each individual from an unwarranted invasion of personal privacy. Given the passage of time, practical obscurity under this exemption is also applicable to protect names previously disclosed in these documents. |
| 31 | 4 | Search Warrant – Residence of XXX | b(6) RIP | Document released except for names of third party individuals. All third party names and identifying information were redacted and withheld by application of Exemption (b)(6) to protect each individual from an unwarranted invasion of personal privacy. Given the passage of time, practical obscurity under this exemption is also applicable to protect names previously disclosed in these documents. |
| 32 | 2 | Application and Affidavit for Search Warrant – Residence of XXX | b(6) RIP | Document released except for names of third party individuals. All third party names and identifying information were redacted and withheld by application of Exemption (b)(6) to protect each individual from an unwarranted invasion of personal privacy. Given the passage of time, practical obscurity under this exemption is also applicable to protect names previously disclosed in these documents. |

| | | | | |
|---|---|---|---|---|
| 33 | 2 | Application and Affidavit for Search Warrant – Big W Management Service | b(6) **RIP** | Document released except for names of third party individuals. All third party names and identifying information were redacted and withheld by application of Exemption (b)(6) to protect each individual from an unwarranted invasion of personal privacy. Given the passage of time, practical obscurity under this exemption is also applicable to protect names previously disclosed in these documents. |
| 34 | 4 | Search Warrant – Dark Blue Mercedes Benz | b(6) **RIP** | Document released except for names of third party individuals, including special agents. All third party names and identifying information were redacted and withheld by application of Exemption (b)(6) to protect each individual from an unwarranted invasion of personal privacy. Given the passage of time, practical obscurity under this exemption is also applicable to protect names previously disclosed in these documents. |
| 35 | 2 | Application and Affidavit for Search Warrant – Dark Blue Mercedes Benz | b(6) **RIP** | Document released except for names of third party individuals. All third party names and identifying information were redacted and withheld by application of Exemption (b)(6) to protect each individual from an unwarranted invasion of personal privacy. Given the passage of time, practical obscurity under this exemption is also applicable to protect names previously disclosed in these documents. |
| 36 | 4 | Search Warrant - XXX | b(6) **RIP** | Document released except for photograph and names of third party individuals, including special agents. All third party names and identifying information were redacted and withheld by application of Exemption (b)(6) to protect each individual from an unwarranted invasion of personal privacy. Given the passage of time, practical obscurity under this exemption is also applicable to protect names previously disclosed in these documents. The photograph is not reasonably segregable. |

| | | | | |
|---|---|---|---|---|
| 37 | 2 | Search Warrant - XXX | b(6) RIP | Document released except for names of third party individuals. All third party names and identifying information were redacted and withheld by application of Exemption (b)(6) to protect each individual from an unwarranted invasion of personal privacy. Given the passage of time, practical obscurity under this exemption is also applicable to protect names previously disclosed in these documents. |
| 38 | 4 | Search Warrant – 1985 Silver Cadillac Limousine | b(6) RIP | Document released except for names of third party individuals, including special agents. All third party names and identifying information were redacted and withheld by application of Exemption (b)(6) to protect each individual from an unwarranted invasion of personal privacy. Given the passage of time, practical obscurity under this exemption is also applicable to protect names previously disclosed in these documents. |
| 39 | 2 | Application and Affidavit for Search Warrant – 1985 Silver Cadillac Limousine | b(6) RIP | Document released except for names of third party individuals, including special agents. All third party names and identifying information were redacted and withheld by application of Exemption (b)(6) to protect each individual from an unwarranted invasion of personal privacy. Given the passage of time, practical obscurity under this exemption is also applicable to protect names previously disclosed in these documents. |
| 40 | 2 | Application and Affidavit for Search Warrant – Big W Restaurant and Seafood | b(6) RIP | Document released except for names of third party individuals. All third party names and identifying information were redacted and withheld by application of Exemption (b)(6) to protect each individual from an unwarranted invasion of personal privacy. Given the passage of time, practical obscurity under this exemption is also applicable to protect names previously disclosed in these documents. |

| 41 | 4 | Search Warrant – Big W Restaurant and Seafood | b(6) RIP | Document released except for names of third party individuals, including special agents. All third party names and identifying information were redacted and withheld by application of Exemption (b)(6) to protect each individual from an unwarranted invasion of personal privacy. Given the passage of time, practical obscurity under this exemption is also applicable to protect names previously disclosed in these documents. |
| --- | --- | --- | --- | --- |
| 42 | 4 | Search Warrant – Big W Management Service | b(6) RIP | Document released except for names of third party individuals including special agents. All third party names and identifying information were redacted and withheld by application of Exemption (b)(6) to protect each individual from an unwarranted invasion of personal privacy. Given the passage of time, practical obscurity under this exemption is also applicable to protect names previously disclosed in these documents. |
| 43 | 4 | Judgment in Criminal Case | RIF | |
| 44 | 3 | Judgment in Criminal Case | RIF | |
| 45 | 4 | Judgment in Criminal Case | RIF | |
| 46 | 4 | Certified Tax Return | b(3) WIF | These documents contain third party tax data that is protected from disclosure pursuant to 26 U.S.C. § 6103. These documents are not reasonably segregable; the nonexempt material is so inextricably intertwined with exempt material that redaction would leave only essentially meaningless words and phrases. |
| 47 | 4 | Certified Tax Return | b(3) WIF | These documents contain third party tax data that is protected from disclosure pursuant to 26 U.S.C. § 6103. These documents are not reasonably segregable; the nonexempt material is so inextricably intertwined with exempt material that redaction would leave only essentially meaningless words and phrases. |

| 48 | 3 | Certified Tax Return | b(3) WIF | These documents contain third party tax data that is protected from disclosure pursuant to 26 U.S.C. § 6103. These documents are not reasonably segregable; the nonexempt material is so inextricably intertwined with exempt material that redaction would leave only essentially meaningless words and phrases. |
| --- | --- | --- | --- | --- |
| 49 | 28 | News Clippings | RIF | |