UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Benjamin Shabazz Peay,    :
            :
     Plaintiff,   :
   v.        :   Civil Action No. 04-1859 (CKK)
            :
Department of Justice, *et al.*,  :
            :
     Defendants.  :

MEMORANDUM OPINION

This action brought under the Freedom of Information Act, 5 U.S.C. § 552, is before the

Court on defendants' motion for partial summary judgment with respect to the Department of

Treasury's Internal Revenue Service.[1]  Upon consideration of the parties' submissions, the Court

will grant in part and deny in part defendants' motion.

I.  BACKGROUND

The following facts are taken from defendants' Statement of Material Facts Not in

Genuine Dispute and the supporting exhibits and declarations.  By letter dated May 17, 2004,

plaintiff requested IRS records from its Greensboro, North Carolina, office pertaining to himself,

including but not limited to "files compiled by (1) Task Force Investigation; (2) Arrest reports;

(3) Investigation reports; (4) Reports of evidentiary and or scientific informational findings; (5)

Final and closing investigation reports; (6) And all information, data, reports not exempted by

law."  Deft's Ex. 1.  By letter of October 18, 2004, after having previously communicated its

requirements to plaintiff, the IRS informed plaintiff that his request did not adequately describe

---

[1]     The complaint is maintained against the Department of Justice and the Department of
Treasury.  By Order of August 1, 2005, the Court dismissed the complaint against DOJ's
Criminal Division and Office of the Solicitor General. The Federal Bureau of Investigation
remains as the sole DOJ defendant.

the IRS records sought and that he had not provided his social security number.  Deft's Ex. 5.

The IRS nonetheless conducted a search of its files using plaintiff's name.  It located 278 pages

of material in its Criminal Investigation Management Information System. The IRS released 117

pages in full and 114 pages with redactions.  It withheld 47 pages of material in their entirety.

The IRS cited FOIA exemptions 3 and 6 as the bases of its withholdings.

## II.  STANDARD OF REVIEW

Summary judgment is appropriate when there is "no genuine issue as to any material fact

and [] the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The

FOIA requires a federal agency to release all records responsive to a request except those

protected from disclosure by one or more of nine enumerated exemptions.  *See* 5 U.S.C.

§ 552(b).  This Court has jurisdiction under the FOIA "to enjoin [a federal] agency from

withholding agency records or to order the production of any agency records improperly withheld

from the complainant."  5 U.S.C. § 552(a)(4)(B); *see Kissinger v. Reporters Comm. for Freedom

of the Press,* 445 U.S. 136, 139 (1980).  The Court may award summary judgment in a FOIA

case solely on the information provided in affidavits or declarations when the affidavits or

declarations describe "the justifications for nondisclosure with reasonably specific detail,

demonstrate that the information withheld logically falls within the claimed exemption, and are

not controverted by either contrary evidence in the record nor by evidence of agency bad faith."

*Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981); *see also Vaughn v. Rosen*,

484 F.2d 820, 826 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974).  Plaintiff challenges the

IRS' search and its claimed exemptions

III.  DISCUSSION

1.  Adequacy of the Search

When an agency's search for documents is challenged, "the issue to be resolved is not whether there might exist any other documents possibly responsive to the request, but rather whether the search for those documents was adequate." *Weisberg v. United States Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984).  The agency prevails on a motion for summary judgment only where it shows "beyond material doubt [] that it has conducted a search reasonably calculated to uncover all relevant documents." *Weisberg v. United States Dep't of Justice*, 705 F.2d 1344, 1351 (D.C. Cir. 1983).  For purposes of this showing, the agency "may rely upon affidavits . . . , as long as they are relatively detailed and nonconclusory and  . . . submitted in good faith." *Id*. (citations and quotations omitted).  The required level of detail "set[s] forth the search terms and the type of search performed, and aver[s] that all files likely to contain responsive materials (if such records exist) were searched. . . ." *Oglesby v. United States Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990); *accord Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 326 (D.C. Cir. 1999).

The IRS avers that despite not having plaintiff's social security number, it conducted a search of its Integrated Data Retrieval System ("IDRS"), using plaintiff's last name.  Declaration of Myrtle Wright (Deft's Ex.6) ¶¶ 5-6.  The "IDRS is the Service's primary resource for researching current taxpayer account information." *Id*. ¶ 5.  Such information may be retrieved by "the taxpayer's last name . . . social security number or employer identification number[] current address, or other information concerning the type of return filed or required to be filed." *Id*.  This search yielded no records. *Id*.  ¶ 6.  The IRS's Charlotte Criminal Investigation office

also searched its Criminal Investigation Management Information System (CIMIS), which "is the Service's primary resource for tracking the status of criminal tax investigations nationwide," ongoing and closed. *Id*. ¶ 7. A search of this system by plaintiff's last name yielded "one positive response." *Id*. ¶ 8. The Charlotte office had no documents. Its "files indicated that all documents pertaining to the Plaintiff were transferred to the Federal Records Center." *Id*. ¶ 9. Thus, on January 4, 2005, Ms. Wright directed that a request be made to "the Federal Records Center to determine whether the [FRC] maintained any documents concerning the Plaintiff." *Id*. ¶ 10. She received "[o]ne box of documents labeled 'grand jury material,' " processed 243 pages of responsive documents, and, on March 9, 2005, forwarded those documents with recommendations "as to the withholding of certain information contained in the documents" to James O'Leary, an IRS attorney at the national office in Washington, D.C. *Id*. ¶ 11. The IRS has not provided a description of the FRC search or explained why the one box it discovered would likely contain all responsive documents. The Court therefore has no basis to find that the IRS conducted a search reasonably likely to locate all responsive records. Summary judgment is denied on this issue without prejudice to reconsideration upon supplementation of the record.

2. Claimed Exemptions

The IRS withheld in their entirety 35 pages of grand jury material and 11 pages of third-party tax data under exemption 3. Exemption 3 protects from disclosure records that are "specifically exempted . . . by statute . . . provided that such statute either "(A) [requires withholding] in such a manner as to leave no discretion on the issue," or "(B) establishes particular criteria for withholding or refers to particular types of matters to be withheld." 5 U.S.C. § 552 (b)(3); *see also Senate of the Commonwealth of Puerto Rico v. U. S. Dep't of Justice*, 823 F.2d 574, 582 (D.C. Cir. 1987).

The IRS properly withheld 11 pages of third-party tax returns in their entirety, *see* Declaration of James O'Leary (Deft's Ex. 7), Attachment B (*Vaughn* index, Doc. Nos. 46-48), inasmuch as the tax code specifically prohibits the disclosure of "any return or return information." 26 U.S.C. § 6103(a). *See Tax Analysts v. I.R.S.*, 410 F.3d 715, 718 (D.C. Cir. 2005) ("Tax returns and return information remain confidential except where provided to the contrary."). Moreover, the IRS avers that any "nonexempt material is so inextricably intertwined with exempt material that redaction would leave only essentially meaningless words and phrases." O'Leary Decl. ¶ 9. Summary judgment is granted on this withholding.

The Federal Rules of Criminal Procedure prohibit disclosure of "matters occurring before [a] grand jury." Fed. R. Crim. P. Rule 6 (e) (2); *see In re: Motions of Dow Jones & Co., Inc.*, 142 F.3d  496, 498-501 (D.C. Cir. 1998). The rule qualifies as a statute because it was affirmatively enacted by Congress. *See Fund for Constitutional Government v. National Archives and Records Service,* 656 F.2d 856, 867-68 (D.C. Cir. 1981). While acknowledging the existence of a "grand jury exception" to the general disclosure requirements of the FOIA, the Court of Appeals for the District of Columbia Circuit has limited the exception to material, which, if disclosed, would "tend to reveal some secret aspect of the grand jury's investigation, such matters as the identities of witnesses or jurors, the substance of testimony, the strategy or direction of the investigation, the deliberations or questions of jurors, and the like." *Senate of the Commonwealth of Puerto Rico v. U.S. Dep't of Justice,* 823 F.2d at 582 (quoting *SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1382 (D.C. Cir. 1980)(en banc)); *cf. Lopez v. Dep't of Justice*, 393 F.3d 1345, 1351 (D.C. Cir. 2005) ("exemption [3] does not include all preliminary interviews conducted by prosecutors supervising grand jury investigations.").

The IRS avers only that it withheld the documents "in order to protect prohibited disclosure of scope and inner workings of the grand jury." O'Leary Decl. ¶ 4. It has not provided descriptions of each document or category of documents. The Court therefore cannot determine whether disclosure would tend to reveal "some secret aspect of the grand jury investigation." Summary judgment on the withholding of grand jury materials therefore is denied without prejudice to reconsideration after record supplementation. *See Senate of the Commonwealth of Puerto Rico v. U.S. Dep't of Justice,* 823 F.2d at 584 (requiring "some affirmative demonstration of a nexus between disclosure and revelation of a protected aspect of the grand jury's investigation.").

The IRS invoked exemption 6 to justify its redaction of information from 114 released pages and its withholding of a third-party individual's photograph appearing in a search warrant. Exemption 6 protects information about individuals in "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). All information that "applies to a particular individual"qualifies for consideration under this exemption. *U.S. Dep't of State v. Washington Post Co.*, 456 U.S. 595, 602 (1982); *see also New York Times Co. v. NASA*, 920 F.2d 1002, 1005 (D.C. Cir. 1990) (en banc). It is established that the privacy interests of third parties mentioned in law enforcement files, such as the criminal investigation records at issue here, are "substantial." *SafeCard Services, Inc., v. SEC*, 926 F.2d 1197, 1205 (D.C. Cir. 1991). Third-party information therefore is protected from disclosure unless the requester establishes an overriding public interest by showing that the information is necessary to "shed any light on the [unlawful] conduct of any Government agency or official." *United States Dep't of Justice v. Reporters Committee for Freedom of the Press*, 489 U.S. 749, 772-73 (1989); accord *SafeCard Services, Inc., v. SEC*, 926 F.2d at 1206.

According to Mr. O'Leary, "[t]he redacted information is personal information related to specific individuals, which does not concern the operations or activities of the Government, would not contribute to public understanding of the operations or activities of the Government, and would not provide insight into how Service performs its statutory duties." O'Leary Decl. ¶ 8. The attached *Vaughn* index reflects the withheld information as pertaining to third parties. Attachment B, Doc. Nos. 7- 42. The IRS properly redacted third-party identifying information and withheld the nonsegregable third-party photograph in its entirety under exemption 6. Plaintiff's bald assertions that release of the information "will prove harmless," that the "public (plaintiff) has a right to know," and that "a great portion" of the material is public, Pl's Opp. at 8, fail to demonstrate an overriding public interest warranting disclosure of the exempt information.[2] Summary judgment on the IRS' invocation of exemption 6 therefore is granted.

For the preceding reasons, defendants' motion for partial summary judgment on behalf of the Internal Revenue Service is granted in part and denied in part. A separate Order accompanies this Memorandum Opinion.

_____s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge

Date: January 12, 2006

---

[2]     As to the latter assertion, the government may not rely on a FOIA exemption to withhold information that has been "officially acknowledged" or is in the "public domain." *Afshar v. Dep't of Justice*, 702 F.2d 1125, 1130-34 (D.C. Cir. 1983). Plaintiff, however, has the initial burden of showing prior disclosure by "point[ing] to 'specific' [publicly disclosed] information identical to that being withheld." *Davis v. United States Dep't of Justice*, 968 F.2d 1276, 1279 (D.C. Cir. 1992) (quoting *Afshar* at 1130); *see also Cottone v. Reno*, 193 F.3d 550, 554 (D.C. Cir. 1999) (same). Plaintiff has made no such showing here.