UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Benjamin Shabazz Peay,         :
                                :
            Plaintiff,         :
      v.                     :          Civil Action No. 04-1859 (CKK)
                                :
Department of Justice, *et al.*,    :
                                :
           Defendants.     :

MEMORANDUM OPINION

      This action brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, is before the Court on defendants' renewed motion for partial summary judgment with respect to the Department of Treasury's Internal Revenue Service ("IRS").[1]  The motion responds to the questions raised in the Memorandum Opinion ("Mem. Op.") issued January 12, 2006, surrounding the search for records and the withholding of grand jury records under exemption 3. In addition, the motion addresses the processing of 87 pages of newly discovered records.  Upon consideration of the parties' submissions, the Court will grant the IRS's summary judgment motion in part and deny it in part.

*1.  The Search for Responsive Records*

      The IRS had not provided a basis to support a finding of an adequate search with respect to records located at the Federal Records Center ("FRC").  Mem. Op. at 4.  It now proffers the Declaration of Joseph J. Commisso ("Commisso Decl.") [Ex. 1] as further evidence of its search efforts.  According to Commisso, the "Service's involvement in [plaintiff's criminal]

---

[1]    The complaint is maintained against the Department of Justice and the Department of Treasury.  By Order of August 1, 2005, the Court dismissed the complaint against DOJ's Criminal Division and Office of the Solicitor General. The Federal Bureau of Investigation remains as the sole DOJ defendant.

investigation was limited to [retired] Special Agent Guerrini's participation in a multi-jurisdictional task force investigation of plaintiff that was subsequently referred to a grand jury." Commisso Decl ¶ 6.  Pursuant to agency policy, "the criminal investigation/grand jury file pertaining to the plaintiff was closed on November 30, 1993, and subsequently retired to the Federal Records Center." *Id*. ¶ 7.  The box housing the records was assigned an "accession number" used for tracking purposes. *Id*. ¶¶ 9-11.  Commisso reasonably surmised  "[b]ecause of the passage of time" that any records responsive to plaintiff's 2004 request would have been stored at the FRC.  He "personally reviewed all Record Transmittal Documents . . . and the attached inventory/listing sheets . . . for the period of 1988 to the present date," *id*. ¶ 13, which located "a box of records" pertaining to plaintiff. *Id*. ¶ 14.  "No other inventory/listing sheet contained any references to files pertaining to the plaintiff." *Id*.  In addition to his reviewing the contents of the box, Commisso had Special Agent Guerrini review its contents. *Id*. ¶¶ 16-18.

Plaintiff challenges the search because defendant located and processed 87 pages of responsive records during its "re-review of the file box" after the January 2006 ruling.  Def's Statement of Material Facts Not in Dispute ¶ 10. The additional pages were discovered by an IRS attorney who presumably did not participate in the initial processing of records in October 2004, *see* Mem. Op. at 1-2, inasmuch as she avers that she has held her position only since August 8, 2005.  Declaration of Mary Ellen Keys ("Keys Decl.") [Ex. 2] ¶ 1.  In addition, the newly discovered material was contained in the same box.  This suggests, at best, oversight and, at worst, ineptness on the part of the previous reviewer.  There is no evidence, however, of agency bad faith.  To the contrary, the IRS produced the material to plaintiff in a relatively prompt manner and had previously produced more than 200 pages of material. Mem. Op. at 2.  The

Court is satisfied from the IRS' previous description of the search, *see* Mem. Op. at 3-4, as supplemented by the Commisso and Keys declarations that the IRS conducted a good-faith search reasonably calculated to locate responsive records.  *See Western Center for Journalism v. I.R.S.,* 116 F. Supp.2d 1, 10 (D.D.C. 2000) ("[I]t is unreasonable to expect even the most exhaustive search to uncover every responsive file; what is expected of a law-abiding agency is that the agency admit and correct error when error is revealed.").

## 2.  The Grand Jury Records

The IRS withheld 35 pages of grand jury material in their entirety under exemption 3. Mem. Op. at 4.  They are described as follows: "a 21-page document entitled 'Prosecution Recommendation' . . . presenting the evidence to date and theory of the case against the plaintiff [with] detailed information, much of which could only have been derived from Grand Jury subpoenas, gathered during the course of the grand jury investigation of the plaintiff"; a "six-page document entitled 'Request for Grand Jury Investigation' . . . detail[ing] the then-current state of the investigation"; a "four-page document entitled 'Grand Jury Investigation Referral,' detail[ing] the state of the then-current investigation of the plaintiff, possible criminal violations . . . suggested uses of the grand jury, and recommendations for incorporating the tax-related violations into the on-going grand jury investigation"; and a five-page unsigned indictment, the signed version of which was released to plaintiff.[2]  Declaration of John Roth ("Roth Decl.") [Ex. 3] ¶¶ 3-6.  Defendant has now demonstrated that the withheld documents discuss "the strategy or direction of the investigation," which, if disclosed, would tend to reveal secret aspects of the

---

[2]   The release of the signed indictment makes moot any claim of an improper withholding of this document.

grand jury proceedings. *Lopez v. Dep't of Justice*, 393 F.3d 1345, 1349 (2005). It therefore has properly justified withholding information contained in the documents under exemption 3.[3] *See* Mem. Op. at 4-5 (discussing exemption 3 requirements).

There is no indication in the IRS's declarations, however, that the withheld documents were reviewed for segregability. The Court therefore has no basis to determine whether the IRS properly withheld the documents in their entirety, as it is required to do. *See Trans-Pacific Policing Agreement v. United States Customs Service*, 177 F.3d 1022, 1027-28 (D.C. Cir. 1999). "The focus of FOIA is information, not documents, and an agency cannot justify withholding an entire document simply by showing that it contains some exempt material." *Mead Data Cent. Inc. v. United States Dep't of Air Force*, 566 F.2d 242, 260 (D.C. Cir. 1977). Moreover, "[t]he segregability requirement applies to all . . . documents and all exemptions in the FOIA." *Schiller v. N.L.R.B.*, 964 F.2d 1205, 1209 (D.C. Cir. 1992) (citation and internal quotation marks omitted). *See Lopez v. Dep't of Justice*, 393 F.3d at 1351 (the dates of prosecutors' preliminary interviews with prospective grand jury witnesses not protected *per se* by exemption 3).

Summary judgment is granted on the IRS's application of exemption 3 to the withheld information and denied on the IRS's withholding of the documents in their entirety.

---

[3]     Plaintiff asserts that he has a "particularized need" for the material to show that "the defendants engaged in gross and prejudicial irregularity that influenced the grand jury." Pl.'s Opp. at 8. Unlike exemptions 6 and 7(C) where "the court is called upon to balance the conflicting interests and values involved," exemption 3 does not authorize the Court "to balance the public interest in disclosure against any reason for avoiding disclosure." *Crooker v. Bureau of Alcohol, Tobacco and Firearms*, 670 F.2d 1051,1074 (D.C. Cir. 1981). Rather, for this exemption, "Congress has done the necessary balancing and enacted FOIA to represent the 'cross-currents' of concern." *Id*. (footnotes and citations omitted). Thus, the only consideration is whether the information is the type exemption 3 is intended to protect.

### 3. The  Newly Discovered Responsive Records

The 87 pages of material Ms. Keys located are described as "administrative forms and memoranda of surveillance activities and interviews with witnesses compiled during the course of the grand jury investigation of the plaintiff." Keys Decl. ¶ 6.  The IRS released 50 pages in their entirety and 37 pages with redactions.  Def.'s Facts ¶ 11.  It redacted third-party information under exemptions 6, 7(C) and 7(D).  *Id*. ¶¶ 12-13; Ex. 4 (redacted pages).  The IRS properly applied exemption 6 to the social security numbers of IRS personnel.  *See* Keys Decl. ¶ 8; *cf.* Mem. Op. at 6-7.  It applied exemptions 7(C) and 7(D) to "names, social security numbers, telephone numbers, addresses, birth dates, and other personal information of third parties." Keys Decl. ¶¶ 9, 10.  Plaintiff challenges the IRS's justifications based on exemptions 7(C) and 7(D).

Exemption 7(C) protects from disclosure  records compiled for law enforcement purposes to the extent that their disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C).  It is undisputed that the responsive pages are law enforcement files.  Third-party identifying information contained in law enforcement files is "categorically exempt"  from disclosure under exemption 7(C), in the absence of an overriding public interest in its disclosure. *Nation Magazine, Washington Bureau v. United States Customs Service*, 71 F.3d 885, 896 (D.C. Cir. 1995).

Plaintiff claims that disclosure is required because the third parties he assumes are referenced in the documents are publicly known by their testimony "in open court during numerous trials" and by media coverage of them in "over 33 newspaper articles."  Motion in Opposition for Partial Summary Judgment ("Pl.'s Oppos.") [Dkt. No. 60] at 9.  It is established,

5

however, that  individuals do not waive their privacy rights merely by testifying at trials.  *See*

*Davis v. United States Dep't of Justice*, 968 F.2d 1276, 1281-82 (D.C. Cir. 1992) (quoting *Parker*

*v. Department of Justice*, 934 F.2d 375, 379-80 (D.C. Cir. 1991)) (neither knowledge about the

identity of a confidential informant nor the informant's testimony in open court "waive[s] the

[government's] right to invoke Exemption 7(D) to withhold  . . .  information furnished by a

confidential source not actually revealed in public.").  Moreover, neither an individual's

prominence nor the agency's release of information about him "elsewhere . . . causes . . . [the]

substantial privacy interests under exemption 7(C) to be diminished." *Fitzgibbon v. CIA*, 911

F.2d 755, 768 (D.C. Cir. 1990).

 Under the public domain theory, FOIA-exempt information may not be protected from

release if it was  previously "disclosed and preserved in a permanent public record." *Cottone v.*

*Reno*, 193 F.3d 550, 553-54 (D.C. Cir. 1999) (citations omitted).  Plaintiff, however, has the

initial burden of showing prior disclosure by "point[ing] to 'specific' [publicly disclosed]

information identical to that being withheld." *Davis v. United States Dep't of Justice*, 968 F.2d at

1279 (quoting *Afshar v. Dep't of Justice*, 702 F.2d 1125, 1130 (D.C. Cir. 1983)); *see also*

*Cottone v. Reno*, 193 F.3d at 555 (affirming the withholding of audio tapes produced during

pretrial proceedings but not played in open court or otherwise placed in the public record).

Plaintiff refers to exhibit C of his opposition, which shows only that he inquired to a newspaper

about articles published about himself and other individuals unacknowledged by the IRS.

Plaintiff has not sustained his burden of production by proffering the newspaper articles and

pointing to the specific information he claims is in the public domain. *Cf. Davis v. United States*

*Dep't of Justice*, 968 F.2d at 1279 (accepting government's "position, grudging though it may be"

to release "only those portions of []tapes that [plaintiff] can show, through newspaper accounts or other permanent records, were played in the courtroom."). In a supplemental filing, plaintiff claims that his "attached documents show beyond a shadow of a doubt that the [redacted] names of the CIs [have] indeed been placed in the public domain in regards to Plaintiff's criminal case." Motion to Supplement the Record [Dkt. No. 65] at 1. *See* Order of June 9, 2006 (granting motion to supplement). The attachment is not authenticated and its origin is unknown. Plaintiff represents it to be his pre-sentence report. If such is the case, the document does not advance plaintiff's public domain theory because he has not shown that the information contained therein is a matter of public record. To the contrary, "in both civil and criminal cases the courts have been very reluctant to give third parties access to the presentence investigation report prepared for some other individual or individuals," *U.S. Dep't of Justice v. Julian*, 486 U.S. 1, 12 (1988), and the Federal Rules of Criminal Procedure specifically exclude from presentence reports the type of information plaintiff seeks to have disclosed, *i.e.*, "any sources of information obtained upon a promise of confidentiality" and possibly "any other information that, if disclosed, might result in physical or other harm to the defendant or others." Fed. R. Crim. P. 32(d)(3)(B)(C). Plaintiff's submissions are wholly insufficient to support a conclusion with any "confiden[ce] that the information sought is truly public. . . ."[4] *Cottone v. Reno*, 193 F.3d at 555. Because the

---

[4] In his motion to supplement, plaintiff also asserts that the information should be released because of the age of the information and to enable him to "show that the government engaged in illegal activity by allowing CIs and other witnesses to commit perjury at [his] criminal trial." Motion at 1. Privacy interests are not diminished simply by the passage of time. *Schrecker v. U.S. Dep't. of Justice,* 349 F.3d 657, 666 (D.C. Cir. 2003). As for the latter claim, it is established that the public interest in disclosure "does not include helping an individual obtain information for his personal use" to overturn a conviction. *Oguaju v. U.S.*, 288 F.3d 448, 450 (D.C. Cir. 2002), *vacated and remanded on other grounds*, 124 S.Ct. 1903 (2004), *reinstated*,

(continued...)

7

IRS has properly justified redacting the third-party information under exemption 7(C), the Court

will not reach the propriety of the IRS's withholding of the same information under exemption

7(D).

For the foregoing reasons, defendants' motion for partial summary judgment is granted in

part and denied in part.  A separate Order accompanies this Memorandum Opinion.


_____s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge
Date: June 29, 2006

---

[4](...continued)
378 F.3d 1115 (D.C. Cir. 2004) (citation omitted).  Moreover, plaintiff's assertion is misdirected
because an overriding public interest is established by showing that the withheld information is
necessary to confirm or refute "compelling evidence that the agency denying the FOIA request
is engaged in illegal activity."  *Quinon v. FBI*, 86 F.3d  1222, 1231 (D.C. Cir. 1996) (internal
citations omitted) (emphasis added).  There is no indication that the Department of Treasury
participated in the presentation of evidence at plaintiff's criminal trial and, thus, in the alleged
misconduct.