UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Benjamin Shabazz Peay, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 04-1859 (CKK) |
| | : | |
| Department of Justice, *et al.*, | : | |
| | : | |
| Defendants. | : | |

MEMORANDUM OPINION

This action brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, is before the Court on the Department of Justice's ("DOJ") motion for summary judgment with respect to its component, the Federal Bureau of Investigation ("FBI"). Upon consideration of the parties' submissions and the relevant portions of the record, the Court will grant defendant's motion in part, deny it in part, direct the release of certain information, and dismiss the case.[1]

I.  BACKGROUND

In response to plaintiff's request in May 2004 for FBI records pertaining to him, the FBI released 2,071 pages of material with redactions and withheld 816 pages of material in their entirety. It withheld information under FOIA exemptions 2, 3, 5, 6, 7(C), 7(D) and 7(E). Def.'s Statement of Material Facts ¶ 6 & n.1.

---

[1]  The complaint is maintained against the Department of Justice and the Department of Treasury. The claims pertaining to DOJ's Criminal Division and Office of the Solicitor General were dismissed by Order of August 1, 2005. The claims against the Department of Treasury were dismissed by Order of January 12, 2007.

## II.  STANDARD OF REVIEW

Summary judgment is appropriate when there is "no genuine issue as to any material fact and [] the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The FOIA requires a federal agency to release all records responsive to a request except those protected from disclosure by one or more of nine enumerated exemptions.  *See* 5 U.S.C. § 552(b).  This Court has jurisdiction under the FOIA "to enjoin [a federal] agency from withholding agency records or to order the production of any agency records improperly withheld from the complainant."  5 U.S.C. § 552(a)(4)(B); *see Kissinger v. Reporters Comm. for Freedom of the Press,* 445 U.S. 136, 139 (1980).  The Court may award summary judgment in a FOIA case solely on the information provided in affidavits or declarations when the affidavits or declarations describe "the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith."  *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981); *see also Vaughn v. Rosen*, 484 F.2d 820, 826 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974).

## III.  DISCUSSION

Plaintiff challenges defendants' withholding of information under FOIA exemptions 2, 3, 5, 7(C), 7(D) and 7(E).  *See* Memorandum in Opposition to ("FBI") Motion for Summary Judgment ("Pl.'s Opp.") [Dkt. No. 83]; Motion to Expand the Record ("Pl.'s Am. Opp.") [Dkt. No. 86].  As an initial matter, plaintiff appears to challenge defendant's 315-page sample, *see* Pl.'s Opp. at 4, which defendant contends is "a fair representative of all the FOIA Exemptions cited and [a reflection of] the wide variety of documents contained within the release."  Fourth

Declaration of David M. Hardy ("4th Hardy Decl.") [Dkt. No. 76] ¶ 6. "Representative sampling is an appropriate procedure to test an agency's FOIA exemption claims when a large number of documents are involved. . . . If the sample is well-chosen, a court can, with some confidence, 'extrapolate its conclusions from the representative sample to the larger group of withheld materials.'" *Bonner v. U.S. Dept. of State,* 928 F.2d 1148, 1151 (D.C. Cir. 1991) (quoting *Fensterwald v. United States Central Intelligence Agency,* 443 F. Supp. 667, 669 (D.D.C. 1977)) (other citations omitted). Plaintiff has not stated specifically why the sample is unreliable and the Court discerns no such reason. *See id.* (approving a sample of 63 of 1,776 documents). The Court therefore will determine the propriety of the FBI's withholdings based on the representative sample of documents.

<u>Exemption 2</u>

Exemption 2 protects from disclosure information that is "related solely to the internal personnel rules and practices of an agency." 5 U.S.C. § 552(b)(2). Typically, courts limit exemption 2 protection to "trivial administrative matters of no genuine public interest" ("low 2" exempt information), and to information that, if disclosed, "may risk circumvention of agency regulation" ("high 2" exempt information). *Schiller v. NLRB*, 964 F.2d 1205, 1206 (D.C. Cir. 1992); *see Schwaner v. Dep't of the Air Force*, 898 F.2d 793, 795 (D.C. Cir. 1990).

Defendant applied this exemption to "information regarding operational funds that were dispensed during the course" of the criminal investigation of plaintiff, 4th Hardy Decl. ¶ 38, and, in conjunction with exemption 7(E), "information appearing on Form FD-515 . . . used by FBI [special agents] to report investigative accomplishments." *Id*. ¶ 39. Plaintiff has not disputed, and therefore has conceded, defendant's application of exemption 2 to the latter information, which, as concluded below, was properly withheld under exemption 7(E).

3

From the funding documents, defendant redacted "total dollar amounts of available funds, [] changing balances . . . and the total dollar amount that was requested and/or authorized to be disbursed. . . ." *Id*. ¶ 38. Hardy reasons that not only is such information internal administrative information, but its disclosure "would permit the general public to calculate how the FBI funds similar matters," which, in turn, "could impede the FBI's effectiveness in administrating its operations" by revealing "a means by which to exhaust the FBI's funding of a particular investigation." *Id*. Defendant has shown that such information concerns "investigative techniques, in the form of prescribed rules and practices for agency personnel . . . developed predominantly for internal uses [and that] . . . [its] public disclosure would risk circumvention of agency regulations." *Crooker v. Bureau of Alcohol, Tobacco & Firearms*, 670 F.2d 1051, 1073 (D.C. Cir. 1981).

Plaintiff counters that "it is well known by the public how the FBI spends tax money, paying informants, and the like" and contends that the public has a right to know how the government spends taxpayer money. Pl.'s Opp. at 6. While "any 'internal personnel rules and practices of an agency,' have some effect on the public-at-large," *Crooker*, 670 F.2d at 1073, Congress has not authorized the weighing of "the public interest in disclosure against any reason for avoiding disclosure" under exemption 2. *Id*. at 1074. Thus, if, as here, the agency demonstrates that the withheld information "meets the test of 'predominant internality,' and if disclosure significantly risks circumvention of agency regulations or statutes," *id*., the inquiry ends. The Court concludes that defendant properly redacted the foregoing information under exemption 2.

Exemption 3

Exemption 3 protects from disclosure records that are "specifically exempted . . . by statute . . . provided that such statute either "(A) [requires withholding] in such a manner as to leave no discretion on the issue," or "(B) establishes particular criteria for withholding or refers to particular types of matters to be withheld." 5 U.S.C. § 552 (b)(3); *see Senate of the Commonwealth of Puerto Rico v. U. S. Dep't of Justice*, 823 F.2d 574, 582 (D.C. Cir. 1987).

Defendant applied this exemption to names and other identifying information of individuals subpoenaed to testify before the grand jury, information identifying specific records subpoenaed by the grand jury, the dates the grand jury convened and wiretap information obtained pursuant to Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. §§ 2510-20. 4th Hardy Decl. ¶¶ 41-42. "[W]iretapped recordings obtained pursuant to Title III . . . are [] exempt from disclosure under Exemption 3" in the absence of their having entered the public domain. *Cottone v. Reno*, 193 F.3d 550, 554 (D.C. Cir. 1999).

The Federal Rules of Criminal Procedure prohibit disclosure of "matters occurring before [a] grand jury." Fed. R. Crim. P. Rule 6 (e) (2); *see In re: Motions of Dow Jones & Co., Inc.*, 142 F.3d 496, 498-501 (D.C. Cir. 1998). The rule qualifies as a statute because it was affirmatively enacted by Congress. *See Fund for Constitutional Government v. National Archives and Records Service,* 656 F.2d 856, 867-68 (D.C. Cir. 1981). While acknowledging the existence of a "grand jury exception" to the general disclosure requirements of the FOIA, the Court of Appeals for the District of Columbia Circuit has limited the exception to material, which, if disclosed, would "tend to reveal some secret aspect of the grand jury's investigation, such matters as the identities of witnesses or jurors, the substance of testimony, the strategy or

5

direction of the investigation, the deliberations or questions of jurors, and the like." *Senate of the Commonwealth of Puerto Rico,* 823 F.2d at 582 (quoting *SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1382 (D.C. Cir. 1980)(en banc)); *cf. Lopez v. Dep't of Justice*, 393 F.3d 1345, 1351 (D.C. Cir. 2005) ("exemption [3] does not include all preliminary interviews conducted by prosecutors supervising grand jury investigations."). This showing requires "some affirmative demonstration of a nexus between disclosure and revelation of a protected aspect of the grand jury's investigation." *Senate of the Commonwealth of Puerto Rico,* 823 F.2d at 584. Defendant properly redacted identifying information of subpoenaed individuals and records. It has not, however, explained how the disclosure of the dates the grand jury convened would tend to reveal a "secret aspect" of the grand jury investigation and therefore is not entitled to summary judgment on the redacted dates.

In contesting defendant's exemption 3 claim, plaintiff asserts that the information is no longer protected because it has entered the public domain. Pl.'s Opp. at 7. Although the government may not rely on a FOIA exemption to withhold information that has been "officially acknowledged" or is in the "public domain," *Afshar v. Dep't of Justice*, 702 F.2d 1125, 1130-34 (D.C. Cir. 1983), plaintiff has the initial burden of showing prior disclosure by "point[ing] to 'specific' [publicly disclosed] information identical to that being withheld." *Davis v. United States Dep't of Justice*, 968 F.2d 1276, 1279 (D.C. Cir. 1992) (quoting *Afshar* at 1130); *see Cottone*, 193 F.3d at 554 (affirming the withholding of audiotapes produced during pretrial proceedings but not played in open court or otherwise placed in the public record). "[O]fficial acknowledgment must meet three criteria: First, the information requested must be as specific as the information previously released. Second, the information requested must match the information previously disclosed . . . Third, . . . the information requested must already have been

made public through an official and documented disclosure." *Wolf v. C.I.A.*, 473 F.3d 370, 379 (D.C. Cir. 2007) (quoting *Fitzgibbon v. CIA*, 911 F.2d 755, 765 (D.C. Cir. 1990)) (other citations omitted).

Plaintiff proffers a portion of his criminal trial transcript showing that an audiotape was played at the trial and a newspaper article describing an audiotape played at the trial as recorded conversations between undercover agents and one of plaintiff's co-defendants. Pl.'s Opp., Exs. B, C. To the extent that plaintiff is contending that this trial evidence is the same information that was presented to the grand jury, his showing is too vague to support a public domain theory. Plaintiff simply has not satisfied his burden of production and therefore has failed to create a genuine issue of material fact with respect to defendant's withholding of the grand jury material under exemption 3.

The Court concludes that defendant is entitled to judgment as a matter of law on its withholding of the identifying information and wiretap information under exemption 3, but not on its withholding of the dates on which the grand jury convened. Defendant will be directed to release the latter information to plaintiff.

Exemption 5

Exemption 5 of the FOIA protects from disclosure "inter-agency or intra-agency memorandums or letters which would not be available by law to a party . . . in litigation with the agency." 5 U.S.C. § 552(b)(5). This provision applies to materials that normally are privileged in the civil discovery context, including those protected by the attorney work product privilege, the attorney-client privilege, and the deliberative process privilege. *See NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 149 (1975); *see also FTC v. Grolier, Inc.*, 462 U.S. 19, 26 (1983) ("The test under Exemption 5 is whether the documents would be

7

'routinely' or 'normally' disclosed upon a showing of relevance."); accord *Martin v. Office of Special Counsel*, 819 F.2d 1181, 1184 (D.C. Cir. 1987). To qualify under the deliberative process privilege, the withheld information must have been pre-decisional, *i.e.*, "generated before the adoption of an agency policy" and deliberative, *i.e.*, "reflects the give-and-take of the consultative process." *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 866 (D.C. Cir. 1980).

Defendant applied this exemption to "four draft documents–two seven-page unsigned draft search warrants with supporting application and affidavit and two unsigned draft affidavits in support of certain proposed actions in the criminal investigation of plaintiff" prepared by FBI special agents. 4th Hardy Decl. ¶ 44. It contends that the documents are protected by the deliberative process privilege because they "are predecisional . . . strategic recommendations . . . subject to the approval, revision, and/or modification by superior FBI and DOJ officials and decision makers."[2] *Id*. Defendant withheld the documents in their entirety because the "ultimate decisions by agency officials whether or not to approve the recommendations turn on the nature of the facts presented." *Id*. Thus, the facts are "so closely associated with the deliberations that they cannot be segregated for release to the plaintiff." *Id*. Defendant properly withheld the documents as deliberative material under exemption 5.

Exemption 7

Exemption 7 protects from disclosure "records or information compiled for law enforcement purposes, but only to the extent that the production of such records or information" would cause one of six enumerated harms. 5 U.S.C. § 552(b)(7)(A)-(F). The responsive records

---

[2] Plaintiff premised his challenge to this exemption on the attorney work product privilege, *see* Pl. Opp. at 9-10, but defendant has not asserted this privilege as the basis of the withholdings.

"were compiled during the course of the FBI's organized crime/drug investigation of [plaintiff]," pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968, 4th Hardy Decl. ¶ 62, thereby satisfying the threshold law enforcement purpose.

*Exemption 7(C)*

Exemption 7(C) protects from disclosure information that "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). Defendant redacted under this exemption the names and identifying information of FBI special agents and support personnel, 4th Hardy Decl. ¶¶ 65-67, local and state law enforcement personnel who assisted the FBI with its investigation, *id*. ¶¶ 68-69, other federal law enforcement personnel, *id*. ¶¶ 70-71, third-party individuals of investigative interest to the FBI or other law enforcement agencies, *id*. ¶¶ 72-73, individuals who provided information to the FBI, *id* ¶¶ 74-75, and third parties merely mentioned in the law enforcement records, *id*. ¶¶ 76-77.  Defendant reasoned that the disclosure of the preceding information could subject the individuals to possible harassment, criticism and, with respect to the private individuals, suspicion of involvement in criminal activity.  Because of recognized strong privacy concerns, third-party identifying information contained in law enforcement records is categorically protected from disclosure under exemption 7(C) in the absence of a showing, not made here, of an overriding public interest in its disclosure.  *Nation Magazine, Washington Bureau v. United States Customs Service*, 71 F.3d 885, 896 (D.C. Cir. 1995).  Defendant properly redacted the third-party identifying information under exemption 7(C).

*Exemption 7(D)*

Exemption 7(D) of the FOIA protects from disclosure those records or information compiled for law enforcement purposes that

> could reasonably be expected to disclose the identity of a confidential source, including a State, local or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of a record or information compiled by a criminal law enforcement authority in the course of a criminal investigation . . . information furnished by a confidential source.

5 U.S.C. § 552(b)(7)(D). To properly apply exemption 7(D), an agency must show either that a source provided the information to the agency under an express assurance of confidentiality or that the circumstances support an inference of confidentiality. *U.S. Dep't of Justice v. Landano*, 508 U.S. 165, 179-81 (1993). To demonstrate an express assurance of confidentiality, defendant must present "'probative evidence that the source did in fact receive an express grant of confidentiality.'" *Campbell v. U.S. Dep't of Justice*, 164 F.3d 20, 34 (D.C. Cir. 1998) (quoting *Davin v. U.S. Dept. of Justice*, 60 F.3d 1043, 1061 (3rd Cir. 1995)). "Such evidence can take a wide variety of forms, including notations on the face of a withheld document, the personal knowledge of an official familiar with the source, a statement by the source, or contemporaneous documents discussing practices or policies for dealing with the source or similarly situated sources." *Id*. When considering the existence of an implied assurance of confidentiality, the Court must inquire into "whether the particular source spoke with an understanding that the communication would remain confidential." *Landano,* 508 U.S. at 172. The government is not entitled to a presumption that all sources supplying information in the course of a criminal investigation are confidential sources. An implied assurance of confidentiality may be inferred, however, from the circumstances surrounding the imparting of the information, including the

nature of the criminal investigation and the informant's relationship to the target.  *Id*; *see also Computer Professionals for Social Responsibility v. United States Secret Service*, 72 F.3d 897, 905-06 (D.C. Cir. 1996).  In *Mays v. Drug Enforcement Administration*, 234 F.3d 1324, 1329-30 (D.C. Cir. 2000), the District of Columbia Circuit identified a narrow category of cases presenting "generic circumstances" where source confidentiality may be deemed automatic. Speaking "only of those informants who supply intelligence relating to the crime of conspiracy to distribute cocaine," *id*. at 1330, the D.C. Circuit concluded that "we have no doubt that a source of information about a conspiracy to distribute cocaine typically faces a sufficient threat of retaliation that the information he provides should be treated as implicitly confidential." *Id.* at 1330-31.

      Defendant invoked exemption 7(D) to protect the identities of and information supplied by "third parties under an implied promise of confidentiality," 4th Hardy Decl. ¶ 80, because "the violent nature of this Organized Crime/Drug investigation . . . could subject [the informants] to violent reprisals." *Id*. ¶ 82.  Indeed, "[i]t is documented that the FBI has attributed four execution-style murders to [plaintiff's] drug organization." *Id*. ¶ 81.  Plaintiff counters defendant's violent characterization by asserting that he and his co-defendants "were found by the courts to have neither carried or used firearms in the commission of a drug crime." Pl.'s Am. Opp. at 4.  He proffers a court judgment that vacates the judgment of conviction as to one count of his criminal charges in the Middle District of North Carolina, but the judgment is of no probative value because it does not identify the dismissed charge or provide any information about the underlying criminal conduct.  In any event, the FBI's description of the investigation of plaintiff as involving a RICO drug enterprise is confirmed by another of plaintiff's exhibits

attached to his amended opposition. *See* Ex. A. (Report of Investigation) (describing plaintiff "as the primary drug distributor in the city of Winston-Salem."). Applying *Mays*' categorical approach, the Court concludes that defendant properly justified withholding confidential source information under exemption 7(D) on the basis of an implied grant of confidentiality.

*Exemption 7(E)*

Exemption 7(E) protects from disclosure law enforcement records that "would disclose techniques and procedures for law enforcement investigation . . . or would disclose guidelines for law enforcement investigations . . . if such disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E). Defendant redacted information contained on form FD-515 that rates the effectiveness of investigative techniques. 4th Hardy Decl. ¶ 85. Contrary to plaintiff's contention, defendant did not withhold known investigative techniques. *See* Pl's Am. Opp. at 2-3. Rather, it redacted the "entire rating column . . . in order to protect . . . the specific techniques that were and were not used by the FBI during its investigation of plaintiff and others." *Id*.; Def.'s Ex. U, p.113.[3] By knowing the effectiveness of a technique used in a specific investigation, "plaintiff and others involved in criminal violations . . . could change their activities and modus operandi in order to avoid detection and/or surveillance in the future," thereby circumventing the law. 4th Hardy Decl. ¶ 85. This Court has previously affirmed the FBI's withholding of such information under exemption 7(E), *see Perrone v. FBI*, 908 F. Supp. 24, 28 (D.D.C. 1995); *Pray v. Dep't of Justice*, 902 F. Supp. 1, 4 (D.D.C. 1995), *aff'd in relevant part*, 1996 WL 734142 (D.C. Cir. 1996); *Putnam v. U.S. Dep't of Justice*, 873 F. Supp. 705, 717 (D.D.C. 1995), and plaintiff has asserted no basis for a departure here.

---

[3] The form "lists 27 publicly known investigative techniques and/or assistance of which some were used" but not all. Thus, the absence of a numerical rating is telling because it "indicates that the investigative technique was not used." 4th Hardy Decl. ¶ 85.

Record Segregability

When, as here, records are withheld in their entirety, the Court must determine whether any portion of those pages could have been segregated and released. *Trans-Pacific Policing Agreement v. United States Customs Service*, 177 F.3d 1022, 1027-28 (D.C. Cir. 1999). In order to justify withholding records in their entirety, an agency must demonstrate that the "exempt and nonexempt information are 'inextricably intertwined,' such that the excision of exempt information would impose significant costs on the agency and produce an edited document with little informational value." *Mays*, 234 F.3d at 1327 (quoting *Neufeld v. IRS*, 646 F.2d 661, 666 (D.C. Cir. 1981)) (other citation and internal quotation marks omitted).

Of the sample 87 pages withheld in their entirety, Hardy avers that 36 pages of deliberative material (withheld under exemption 5) contains factual information so "closely intertwined with exempt predecisional and personal information" that it could not be "meaningfully" separated. 4th Hardy Decl. ¶ 86. And, the segregation and release of non-exempt information from 48 pages of material pertaining to operational funds (withheld under exemption 2) and three pages of wiretap material (withheld under exemption 3) would yield a release of "nonsensical words and phrases" as to the former and blank pages as to the latter. *Id*. Defendant properly justified withholding such documents in their entirety.

CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment as to the processing of FBI records is granted as to all claims except the claim arising from the withholding under

FOIA Exemption 3 of the dates the grand jury convened. A separate Order directing the release of the dates and otherwise dismissing the case accompanies this Memorandum Opinion.

_____s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge

Date: March 14, 2007